# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Walter P. Rawl & Sons, Inc., | ) |
|                 Plaintiff, | ) Civil Action No. 3:19-cv-00061-JMC |
| v. | ) **ORDER AND OPINION** |
| RSM US LLP, | ) |
|                 Defendant. | ) |

This matter is before the court pursuant to Plaintiff Walter P. Rawl & Sons, Inc.'s ("Rawl" or "Plaintiff") Motion to Remand pursuant to 28 U.S.C. § 1447(c). (ECF No. 11). Defendant RSM US LLP ("RSM") filed its response in Opposition to Plaintiff's Motion to Remand (ECF No. 14). Plaintiff then submitted its Reply in Support of its Motion to Remand (ECF No. 16). For the reasons set forth below, the court finds that Plaintiff's Motion to Remand (ECF No. 11) is **DENIED** because Defendant did not waive its right to remove this dispute to federal court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2018, Plaintiff filed its Summons and Complaint (ECF No. 1-1 at 1–13) in the Court of Common Pleas for the Eleventh Judicial Circuit in Lexington County, South Carolina. Plaintiff's Complaint alleges breach of contract, negligent misrepresentation, unjust enrichment, fraud, and breach of warranty, and requests at least one million six hundred thousand dollars and zero cents ($1,600,000.00) in monetary relief. (*See id.* at 9–12.) In response to Plaintiff's Complaint (ECF No. 1-1 at 2–13), Defendant timely filed its Notice of Removal (ECF No. 1) on January 8, 2019, pursuant to 28 U.S.C. § 1441 and § 1446, thus invoking the court's diversity jurisdiction. (*Id.*)

1

On February 6, 2019, Plaintiff timely filed its Motion to Remand pursuant to 28 U.S.C. § 1447(c). (ECF No. 11.) Plaintiff's Motion to Remand argues that removal is improper based on a provision from the Master Services Agreement ("Agreement") (ECF No. 11-1) between Plaintiff and Defendant entitled "Applicable Law and Jurisdiction." The Agreement states, in pertinent part:

> Each Party agrees that any suit, action, or other legal proceeding brought by such Party against any other Party in connection with or arising from this Agreement shall be brought solely in a state or federal court located in the State of South Carolina and each Party irrevocably consents to the personal jurisdiction of, and waives objection to venue in, each such court.

(ECF No. 11-1 at 12–13.)

Plaintiff argues that Defendant is barred from removal because Defendant "waived its right to remove the action from [P]laintiff's chosen venue under the terms of [the above provision]." (ECF No. 11 at 2.) In response to Plaintiff's Motion (ECF No. 11), Defendant timely filed its Opposition to Motion to Remand (ECF No. 14) on February 20, 2019. Defendant's Opposition argues that the provision at issue only "require[s] suit within the geographic confines of South Carolina" and that "[n]othing in the agreements waives the unrelated and independent right to remove." (ECF No. 14 at 7.)

## II. LEGAL STANDARD

### A. <u>Removal and Subject-Matter Jurisdiction</u>

Generally, "any civil action in a [s]tate court of which the district courts of the United States *have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). As it relates to removal to federal court, an action may be removed when there is a claim "arising under the Constitution, laws, or treaties of the United States" and one "not within the original or supplemental jurisdiction of the district court or

2

a claim that has been made non-removable by statute…" 28 U.S.C. § 1441(c)(1)(A)–(B). "In any case removed from a [s]tate court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise." 42 U.S.C. § 1447(a). When a case is removed to a federal district court, "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). However, because federal courts have limited jurisdiction, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case shall be remanded.*" *Id.* (emphasis added).

Subject-matter jurisdiction "involves a court's power to hear a case" and may never be "forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). A federal court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Therefore, as stated above, when a federal district court lacks subject-matter jurisdiction over an action that has been removed from a state court, a federal district court is compelled to remand the action to state court for further legal proceedings. *See* 28 U.S.C. § 1447(c).

### III. DISCUSSION

#### A. <u>Subject-Matter Jurisdiction</u>

There is no dispute that complete diversity exists between the Parties to this controversy. (ECF Nos. 1, 1-1.) At the time Plaintiff filed its Complaint, and on the date of removal, Plaintiff was a South Carolina corporation with its principal place of business in South Carolina, and Defendant was a limited liability partnership of the State of Iowa with its principal place of business in Illinois. (ECF No. 1-1 at 2.) Plaintiff's Complaint alleges that Plaintiff paid

3

Defendant one million six hundred thousand dollars and zero cents ($1,600,000.00) for services not received by Plaintiff, and the Complaint requests "all economic damages due and owed." (*Id*. at 13.) Further, Plaintiff does not dispute Defendant's assertion that the amount in controversy requirement is met (*See* ECF No. 1.) Therefore, diversity jurisdiction in this court is proper.

B. **Forum Selection Clause**

*1. Geographical Limitation*

The sole issue before the court is whether the Agreement's forum selection clause operates as Defendant's waiver of its right to remove this case from state to federal court. (ECF No. 11-1 at 12–13.) In interpreting a forum selection clause in the context of a motion to remand, the court must look to the specific language of the forum selection clause to determine whether the clause is expressed in terms of "sovereignty" or in terms of "geography." *See FindWhere Holdings, Inc. v. Systems Environment Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (holding "that forum selection clauses that use the term '**in** [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term '**of** [a state]' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state") (emphasis added); *Bartels v. Saber Healthcare Grp., LLC*, 880 F. 3d 668, 676 (4th Cir. 2018) ("Forum selection clauses using geographical limitations permit the case to be filed with any court, whether state or federal, that is located within the contractually described geographical boundary."); *But see Foster v. Chesapeake Ins. Co., Ltd.*, 933 F. 2d 1207, 1216 (3rd Cir. 1991) (a defendant may waive his right to remove through entry of forum selection clause that mandates a state court as the sole forum). Further, forum selection clauses, which contain unambiguous "geographical" language such that either a federal or state court located in that specific state would be appropriate, do not require remand. *FindWhere*, 626 F.3d at 755.

The forum selection clause at issue states that "any suit, action, or other legal proceeding shall be brought solely in a **state or federal court** located **in** the State of South Carolina." (ECF No. 11-1 at 12–13 (emphasis added).) The court agrees that the clause is expressed unambiguously in terms of geography and, therefore, does not exclude jurisdiction in the federal courts of South Carolina. In fact, the locational language ("**in** South Carolina") is also preceded by "**state or federal**," further clarifying that there is no preference between a state or federal forum and that the limiting language is geographical and not related to sovereignty. *Id*. (emphasis added). The clause at issue falls squarely within the Fourth Circuit's adopted "geographical" category of forum selection clauses and does not exclude a federal forum in favor of a state forum. *FindWhere*, 626 F.3d at 755. Therefore, as drafted, the Agreement does not restrict Defendant's right to remove the case to federal court. *Id*.

### 2. *Venue and Removal Jurisdiction*

The court next addresses whether Defendant waived its right to remove by simply agreeing to "irrevocably…waive objection[s] to venue..." (ECF No. 11-1 at 12–13.) Plaintiff argues, in summary, the term "venue" should be interpreted according to its ordinary meaning and that Defendant has waived its right to remove this case to federal court because Defendant's removal would entail shifting the action to a different "place" from where it was initially filed. (*See* ECF No. 11 at 3.) The court finds this argument unavailing.

Contrary to Plaintiff's arguments, "venue" is a term of art distinct from the statutory right to remove, which is premised on federal subject-matter jurisdiction. (*See* ECF No. 11 at 4; 28 U.S.C. §§ 1391; 1404(a); 1441(b); *see also* 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3721 (4th ed. 2018).)[1] Though the Fourth Circuit has no direct authority

---

[1] The word "venue" has a specialized meaning pursuant to federal statute and this meaning is more specific than simply the place or location of a courthouse. Rather, the term 'venue' refers to the

5

addressing whether remand is appropriate when a forum selection clause provides for the parties to **waive their venue objections**, the Fifth Circuit has held that a **waiver of removal** must make "clear that the other party has 'the right to choose the forum' in which any dispute will be heard." *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (citing *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991), *cert. denied*, 502 U.S. 908 (1991)).

Moreover, several courts have emphasized that a party can contractually consent to jurisdiction and venue in a particular state or region without waiving its right to remove. The court finds *Newman/Hass Racing v. Unelko Corp.* particularly instructive. 813 F.Supp. 1345 (N.D. Ill. 1993). The contract in *Newman* involved language similar to that of the RSM/Rawls Agreement: it stated that the parties could file suit "in any **state or federal court** of general jurisdiction **in the State of Illinois** and each party **irrevocably submits to the jurisdiction of such courts and waives any objection he may have to either the jurisdiction or venue** of such court." *Id*. at 1348 (emphasis added). The *Newman* court rejected the argument that this provision waived the defendant's right to remove: "It is more in the nature of a geographic limitation than a vesting in the claimant of the exclusive right to choose. Therefore, the language does not limit the defendants to the plaintiff's choice of forum; rather, it precludes the defendants from litigating outside of Northern Illinois." *Id.*

While this courts understands that the forum selection clause is mandatory in the sense that any dispute between the parties must be litigated in a South Carolina state or federal court, the court declines to find that Defendant's waiver of venue objections precludes it from

---

judicial district or districts where a certain case may properly be brought. *See* 28 U.S.C. § 1391. Change of venue, then, refers to a district court transferring a case to another district where it might have been brought. Transfer of venue is governed by 28 U.S.C. 1404(a). Whereas, removal jurisdiction refers to a defendant's right to remove an action from state court to federal court as is governed by 28 U.S.C. § 1446. The two terms are distinct and should not be confused or used interchangeably.

requesting *any* change to the initial forum selected by Plaintiff. For a forum selection clause to be exclusive — in this case exclusive to state court — "it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive. *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 Fed. App'x 884, 888 (6th Cir. 2009) ("A clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." (quoting *EBI-Detroit, Inc. v. City of Detroit*, 279 Fed.App'x 340, 346-47 (6th Cir. 2008)).

Applying these findings to the forum selection clause here, this court finds that Defendant waived only its right to **transfer venue** from the initial court selected by Plaintiff, pursuant to 28 U.S.C. § 1404. For example, Defendant could not move to transfer this case to the Northern District of Illinois, or a federal court in Iowa for that matter, because it has waived that right in the Agreement. Defendant did not, however, unconditionally agree that Plaintiff's choice of forum in the initial state court would be final or that the case would be barred from removal to a South Carolina federal court.

That the forum selection clause focuses so heavily on the parties right to bring the case "in a state or federal court located in the State of South Carolina" as a geographic limitation, and due to the absence of an explicit waiver of removal, the court interprets the clause's plain meaning to limit controversies to fora located within the geographic confines of South Carolina, including state or federal courts. (*See* ECF No. 11-1 at 13; *Bartels*, 880 F.3d 674.).

### IV. CONCLUSION

For the reasons set forth above, specifically because the forum selection clause is one focused on geography, not sovereignty and under the rule set out in *FindWhere*, this case is properly filed with and resolved by any court of competent jurisdiction, state or federal, that is located in South Carolina. Accordingly, Plaintiff's Motion to Remand (ECF No. 11) is **DENIED**.

7

**IT IS SO ORDERED.**

August 27, 2019
Columbia, South Carolina

                                                    United States District Judge